**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Annette Y. Gulley, ) | No. CV-08-0492-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Southwestern Eye Center, et al., ) | |
| Defendants. ) | |

Plaintiff began working for defendant Southwestern Eye Center as an ophthalmic technician on August 29, 2006. On January 4, 2007, she was terminated from her position, allegedly due to poor performance. She filed a complaint on March 12, 2008, claiming that defendants discriminated against her based on race and age in violation of Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Arizona Civil Rights Act ("ACRA"). She also alleges a state law defamation claim.

The court now has before it defendants' motion to dismiss (doc. 8). Plaintiff did not respond to the motion and the time for doing so has long since expired. See LRCiv 7.2(c). Defendants then filed a motion for summary disposition based on plaintiff's failure to respond (doc. 10). Failure to respond may be deemed a consent to the granting of the motion and we may dispose of the motion summarily. LRCiv 7.2(i).

Defendants argue in their motion to dismiss that plaintiff's state law claims under the ACRA and claim for defamation are time-barred. The Arizona Civil Rights Division issued plaintiff's right to sue letter on October 30, 2007, notifying plaintiff that claims under the ACRA must be filed "within 90 days of the date you receive this Notice or within one year of the date you filed your charge, whichever comes first." Complaint, ex. 2. Plaintiff did not file her complaint until March 12, 2008–134 days after the issuance of the right to sue letter. Therefore the ACRA discrimination and harassment claims were filed outside the 90-day limitations period and are time-barred.

Defendants also argue that plaintiff's defamation claim is time-barred. Under A.R.S. § 12-541, claims related to "injuries done to the character or reputation of another by libel or slander," which includes defamation, must be filed within one year. Defendants contend that plaintiff's defamation claim relates to a false performance evaluation on December 4, 2006, and that her complaint, filed on March 12, 2007, was outside the one-year statute of limitations period. We agree. Plaintiff's defamation claim is time-barred and is dismissed.

Finally, defendants argue that individual defendants Hernandez, Henry, and DeSouza should be dismissed because Title VII and the ADEA both limit civil liability to the employer, not individual employees. Miller v. Maxwell's Intern. Inc., 991 F.2d 583, 587 (9th Cir. 1993); Ransom v. Ariz. Bd. of Regents, 983 F. Supp. 895, 904 (D. Ariz. 1997) (applying the Miller rationale to preclude individual liability under the ACRA). We agree. Defendants Hernandez, Henry, and DeSouza are dismissed from this action.

Therefore, **IT IS ORDERED GRANTING** defendants' motion to dismiss (doc. 8). **IT IS FURTHER ORDERED DENYING** defendants' motion for summary disposition on grounds of mootness (doc. 10).

1 | Only the Title VII and ADEA claims against defendant Southwestern Eye Center
2 | remain. Plaintiff is advised that any further failure to prosecute her case may result in
3 | dismissal of the remaining action under Rule 41(b), Fed. R. Civ. P. She is also advised to
4 | seek the advice of counsel. If she cannot find a lawyer, she may wish to contact the Lawyer
5 | Referral Service of the Maricopa County Bar Association at (602) 257-4434.

DATED this 16th day of May, 2008.

/s/ Frederick J. Martone
Frederick J. Martone
United States District Judge